**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective*
*Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

BAUDELIO ARAGON and JOAN ANAYA,
*on behalf of themselves, FLSA Collective*
*Plaintiffs, and the Class,*

              Plaintiffs,

              v.

SG PIZZA, INC.
     d/b/a ZESTY PIZZERIA,
SALVATORE GRIMALDI, and STEPHANO
GRIMALDI,

              Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

Plaintiffs BAUDELIO ARAGON ("Plaintiff ARAGON"), and JOAN ANAYA ("Plaintiff ANAYA") (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against SG PIZZA, INC. d/b/a ZESTY PIZZERIA ("Corporate Defendant"), SALVATORE GRIMALDI, and STEPHANO GRIMALDI (collectively, "Individual Defendants"; and, together with Corporate Defendant, "Defendants"), and state as follows:

## INTRODUCTION

1.      Plaintiffs allege that, pursuant to Fair Labor Standards Act as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages; (2) unpaid wages, including overtime, due to a fixed salary; (3) statutory penalties; (4) liquidated damages; and (5) attorney's fees and costs.

2.      Plaintiffs further allege that, pursuant to New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages; (2) unpaid wages, including overtime, due to a fixed salary; (3) unpaid spread of hours premium; (4) compensation for late payment of wages; (5) statutory penalties; (6) liquidated damages; and (7) attorney's fees and costs.

3.      Plaintiffs allege on behalf of themselves, and others similarly situated that Defendants willfully filed fraudulent information returns regarding Plaintiffs and Class members with the Internal Revenue Service ("IRS"), in violation of 26 U.S.C. § 7434.

4.      Plaintiffs further allege on behalf of themselves, and others similarly situated, that Defendants breached their contract with Plaintiffs and Class members by failing to pay employer payroll taxes for Plaintiffs and Class members, as required by the Federal Insurance Contribution Act ("FICA").

5.      Plaintiffs also allege that, in retaining these sums for themselves, Defendants unjustly enriched themselves at the expense of Plaintiffs and Class members.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

7.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

8.      The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court."  26 U.S.C. § 7434(d).

## PARTIES

9.      Plaintiff BAUDELIO ARAGON is a resident of New York County, New York.

10.     Plaintiff JOAN ANAYA is a resident of New York County, New York.

11.     Defendants owned and operated a restaurant located at 1670 3rd Avenue, New York, NY 10128.

12.     Corporate Defendant SG PIZZA, INC., is a domestic business corporation organized under the laws of the State of New York, with its principal place of business and an address of service of process located 1670 3rd Avenue, 1st Floor, New York, NY 10128.

13.     Individual Defendant SALVATORE GRIMALDI is the principal and owner of Corporate Defendant. SALVATORE GRIMALDI exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs, and the Class. SALVATORE GRIMALDI frequently visits the Restaurant. SALVATORE GRIMALDI exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurant may complain to SALVATORE GRIMALDI directly regarding any of the terms of their employment, and SALVATORE GRIMALDI would have the authority to effect any changes to the quality and terms of employees'

employment, including changing their schedule, compensation, or terminating or hiring such employees. SALVATORE GRIMALDI exercised functional control over the business and financial operations of Corporate Defendant. SALVATORE GRIMALDI had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

14.     Individual Defendant STEPHANO GRIMALDI is the principal and owner of Corporate Defendant. STEPHANO GRIMALDI exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs, and the Class. STEPHANO GRIMALDI frequently visits the Restaurant. STEPHANO GRIMALDI exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurant may complain to STEPHANO GRIMALDI directly regarding any of the terms of their employment, and STEPHANO GRIMALDI would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. STEPHANO GRIMALDI exercised functional control over the business and financial operations of Corporate Defendant. STEPHANO GRIMALDI had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

15.     At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

16.     At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs, and Class members was directly essential to the businesses operated by Defendants.

17.     At all relevant times, Plaintiffs were Defendants' employee within the meaning of NYLL § § 2 and 651.

18.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of NYLL § § 2 and 651.

19.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20.     Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including, but not limited to cooks, food preparers, dishwashers, waiters, delivery persons, bartenders, servers, runners, bussers, and porters, among others, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

21.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, including: (i) unpaid wages; (ii) unpaid wages, including overtime, due a fixed salary; (iii) liquidated damages; and (iv) attorney's fees and costs. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

22.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

23.     Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees, including, but not limited to cooks, food preparers, dishwashers, waiters, delivery persons, bartenders, servers, runners, bussers, and porters, among others, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

24.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

25.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number is based are presently within the sole control of Defendants, and there is no doubt that there are more than forty (40) members of the Class.

26.     Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of: (i) unpaid wages; (ii) unpaid wages, including overtime, due to a fixed salary; (iii) unpaid spread of hours premium; (iv) late payment of wages; (v) failing to provide proper wage statements per requirements of NYLL; and (vi) failing to provide wage notices to Class members, at the date of hiring and annually, per requirements of NYLL.

27.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

28.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

29.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual

litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

30.     Defendants and other employers throughout the state violate NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

31.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

> a.  Whether Defendants employed Plaintiffs and the Class within the meaning of NYLL and applicable state laws;

b.  What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiffs and Class members properly;

c.  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and Class members for their work;

d.  Whether Defendants properly notified Plaintiffs and Class members of their hourly rates;

e.  Whether Defendants properly compensated Plaintiffs and Class members for all hours, including overtime, worked;

f.  Whether Defendants compensated Plaintiffs and Class members on an illegal fixed salary basis;

g.  Whether Defendants paid Plaintiffs and Class members spread of hours premiums, as required under NYLL;

h.  Whether Defendants paid Plaintiffs and Class members their lawful wages in a timely manner;

i.  Whether Defendants failed to withhold taxes from the wages of Plaintiffs and the Class;

j.  Whether Defendants provided Plaintiffs and the Class with accurate tax statements for each tax year that they worked;

k.  Whether Defendants provided wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of NYLL; and

l.   Whether Defendants provided proper wage statements to employees as required under NYLL.

**STATEMENT OF FACTS**

*Plaintiff BAUDELIO ARAGON*

32.     In or about June 2015, Plaintiff ARAGON was hired by Defendants to work as a cook, food preparer, and dishwasher for Defendants' Restaurant Zesty Pizzeria located at 1670 3rd Avenue, New York, NY 10128. Plaintiff was employed by Defendants until in May 2022, when he was terminated.

33.     As a dishwasher, cook, and food preparer, Plaintiff ARAGON's duties included, cleaning the kitchen; sweeping; mopping; taking out the garbage; hand washing and drying dishes; cutting and slicing good ingredients; gathering ingredients; and cooking. FLSA Collective Plaintiffs and Class members performed similar duties.

34.     From the start of Plaintiff ARAGON's employment until in or around March 2020, Plaintiff was scheduled to work five (5) days per week for a total of seventy (70) hours each week. From in or around March 2020 until the end of his employment, Plaintiff was scheduled to work four (4) days per week for a total of forty-five (45) hours each week. FLSA Collective Plaintiffs and Class members were similarly scheduled to work more than forty (40) hours each week.

35.     From the start of Plaintiff ARAGON's employment until in or around March 2020, Plaintiff was compensated at a fixed salary rate of eight hundred dollars ($800) per week in check and cash, regardless of how many hours he worked each day. From in or around March 2020 until the end of his employment, Plaintiff was compensated at a fixed salary rate of eight hundred dollars ($800) biweekly in check and cash. FLSA Collective Plaintiffs and Class members were similarly

compensated weekly in check and cash at a fixed salary regardless of how many hours they worked each day.

36.     Plaintiff ARAGON was not paid for the last two (2) weeks of his employment.

*Plaintiff JOAN ANAYA*

37.     In or about June 2015, Plaintiff ANAYA was hired by Defendants to work as a cook, food preparer, and dishwasher for Defendants' Restaurant Zesty Pizzeria located at 1670 3rd Avenue, New York, NY 10128. Plaintiff was employed by Defendants until in June 2022, when he was terminated.

38.     As a dishwasher, cook, and food preparer, Plaintiff ANAYA's duties included, cleaning the kitchen; sweeping; mopping; taking out the garbage; hand washing and drying dishes; cutting and slicing good ingredients; gathering ingredients; and cooking. FLSA Collective Plaintiffs and Class members were similarly duties.

39.     From the start of Plaintiff ANAYA's employment until in or around March 2020, Plaintiff was scheduled to work four (4) to five (5) days per week for a total of forty-eight (48) to sixty (60) hours each week. From in or around March 2020 until the end of his employment, Plaintiff was scheduled to work six (6) days per week for a total of seventy-two (72) hours each week, but was actually working every other week. FLSA Collective Plaintiffs and Class members were similarly scheduled to work more than forty (40) hours each week.

40.     From the start of Plaintiff ANAYA's employment until in or around March 2020, Plaintiff was compensated at a fixed salary rate of four hundred fifty dollars ($450) per week in check and cash, regardless of how many hours he worked each day. From in or around March 2020 until the end of his employment, Plaintiff was compensated at a fixed salary rate of six hundred dollars ($600) biweekly in check and cash. FLSA Collective Plaintiffs and Class members were

similarly compensated weekly in check and cash at a fixed salary regardless of how many hours they worked each day.

41.     Throughout their employment, Plaintiffs were paid on a fixed salary basis regardless of actual hours worked. There was never any conversation that this fixed salary would cover overtime hours after forty (40). FLSA Collective Plaintiffs and Class members were similarly compensated on a fixed salary basis regardless of actual hours worked, and there was no conversation that the fixed salary would cover overtime hours after forty (40).

42.     At all relevant times, Plaintiffs were not paid overtime premium for hours worked more than forty (40) hours per week. Defendants knowingly and willfully failed to pay Plaintiffs the proper overtime premium rate of time and one half of regular hourly rate for each hour exceeding forty (40) hours per workweek.

43.     Throughout their employment, Plaintiffs regularly worked days that exceed ten (10) hours in length, but Defendants unlawfully failed to pay Plaintiffs their spread of hours premium for workdays that exceeded ten (10) hours in length. Class members similarly did not receive their spread of hours premium for workdays that exceeded ten (10) hours in length.

44.     On a regular basis, Defendants also failed to timely pay Plaintiffs their wages. For example, Plaintiffs regularly did not receive their wages within seven (7) days of the end of the week in which they earned them, in violation of NYLL § 191(1)(a)(i)[1]. From their observations and conversations with co-workers, Plaintiffs knows that Class members similarly did not receive their wages within seven (7) days during the week in which they were earned, because it was a common policy of Defendants. Therefore, Plaintiffs and Class Members are owed

---

[1] See *Vega v. CM & Assoc. Constr. Mgmt., LLC*, 2019 NY Slip Op 06459, ¶¶ 1-2, 175 A.D.3d 1144, 1145-46, 107 N.Y.S.3d 286, 287-88 (App. Div. 1st Dept.)

liquidated damages equal to the late payment of wages and accrued interest on the delayed payments.

45.    As a result of Defendants' paying Plaintiffs, FLSA Collective Plaintiffs, and Class members in checks and cash, Defendants failed to provide Plaintiffs, FLSA Collective Plaintiffs, and Class members with accurate IRS Forms W-2 for all the tax years of their employment and failed to properly record, account for, and report to the IRS all monies paid to Plaintiffs, FLSA Collective Plaintiffs, and Class members. In failing to account for these monies in their IRS filings, Defendants filed fraudulent information in violation of 26 U.S.C. § 7434. Under 26 U.S.C. § 7434(b), Defendants are liable for at least five thousand dollars ($5000) to Plaintiffs, FLSA Collective Plaintiffs, and Class members for each fraudulent filing, which would have to be at least once a year.

46.    In violating the Internal Revenue Code by failing to provide proper W-2 forms, Defendants also breached their contract with Plaintiffs, FLSA Collective Plaintiffs, and Class members to pay the employer's share of Social Security and Medicare taxes for each employee.

47.    Defendants also unjustly enriched themselves at the expense of Plaintiffs, FLSA Collective Plaintiffs, and Class members by retaining monies that should have been remitted to the IRS on behalf of Plaintiffs, FLSA Collective Plaintiffs, and Class members.

48.    As a result, Plaintiffs, FLSA Collective Plaintiffs, and Class members will either (1) be liable to the IRS for the employer's share of FICA taxes or (2) upon retirement, suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

49.    The employer's share of Social Security taxes is 6.2%. The employer's share of Medicare taxes is 1.45%. Accordingly, Defendants must compensate Plaintiffs, FLSA Collective

Plaintiffs, and Class members 7.65% of all their earnings from Defendants beginning six (6) years prior to the filing of this Complaint.

50.     Defendants are liable to Plaintiffs, FLSA Collective Plaintiffs, and Class members for failing to pay FICA taxes for the wages earned by Plaintiffs, FLSA Collective Plaintiffs, and Class members.

51.     At no time during the relevant periods did Defendants provide Plaintiffs or Class members with wages notices, at the beginning of employment and annually thereafter as required by NYLL.

52.     At no time during the relevant periods did Defendants provide Plaintiffs or Class members with proper wage statements as required by NYLL.

53.     Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiffs and Class members for all hours worked, including overtime, due to a policy of paying a fixed salary.

54.     Defendants knowingly and willfully operated their business with a policy of not paying spread of hours premium to Plaintiffs or Class members, in violation of NYLL.

55.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and Class members their wages within seven (7) days of the end of the week in which they earned them.

56.     Defendants failed to provide wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL .

57.     Defendants knowingly and willfully operated their business with a policy of not providing employees proper wage statements as required under NYLL.

58.     Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs, and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

59.     Plaintiffs reallege and incorporate all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

60.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

61.     At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of FLSA.

62.     At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

63.     At all relevant times, the Defendants had a policy and practice that failed to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek due to a fixed salary.

64.     Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek

leave of Court to amend this Complaint to set forth the precise amount due.

65.    Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs their proper wages, including for overtime, when Defendants knew or should have known such was due.

66.    Defendants failed to properly disclose or apprise Plaintiffs or FLSA Collective Plaintiffs of their rights under FLSA.

67.    As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

68.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages; unpaid wages, including overtime, due to compensation on a fixed salary basis; plus an equal amount as liquidated damages.

69.    Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**<u>VIOLATION OF NEW YORK LABOR LAW</u>**

70.    Plaintiffs reallege and incorporate all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

71.    At all relevant times, Plaintiffs and Class members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

72.    At all relevant times, Defendants had a policy and practice of failing to pay Plaintiffs and Class Members the full amount of wages due including overtime under the NYLL.

16

73.     Defendants willfully violated the rights of Plaintiffs and Class Members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek due to a fixed salary.

74.     Defendants knowingly and willfully failed to pay Plaintiffs and Class members their spread of hours premiums for shifts lasting longer than ten (10) hours in duration, in violation of NYLL.

75.     Defendants willfully violated Plaintiffs' and Class Members' rights by failing to pay them their wages within seven days of the end of the week in which they were earned, in violation of NYLL § 191(1)(a)(i).

76.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiffs and Class members wage notice, at date of hiring and annually thereafter, as required under NYLL.

77.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements, as required under NYLL.

78.     Due to Defendants' NYLL violations, Plaintiffs and Class members are entitled to recover from Defendants unpaid wages; unpaid wages, including overtime, due to compensation on a fixed salary basis; unpaid spread of hours premium; damages for unreasonably delayed payments; reasonable attorney's fees; liquidated damages; statutory penalties; and costs and disbursements of the action, pursuant to NYLL.

**COUNT III**

<u>**CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS**</u>
<u>**UNDER 26 U.S.C. § 7434(a)**</u>

79.     Plaintiffs reallege and incororate all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

80.     Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

81.     By failing to provide Plaintiffs, FLSA Collective Plaintiffs, and Class members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants and failing to properly record, account for, and report to the IRS all monies paid to Plaintiffs, FLSA Collective Plaintiff, and Class members as wages, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

82.     Defendants knew they had a legal duty not to misrepresent to the IRS the amount of money they were paying employees. Defendants' actions were willful violations of, or showed reckless disregard for, the provisions of the Internal Revenue Code.

83.     Pursuant to 26 U.S.C. § 7434(b)(3), Defendants are also liable to Plaintiffs for reasonable attorneys' fees.

<u>**COUNT IV**</u>

<u>**BREACH OF CONTRACT**</u>

84.     Plaintiffs reallege and incorporate all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein and further alleges as follows:

85.     "In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance … This covenant embraces a pledge that neither party shall do anything

which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract … [T]he duties of good faith and fair dealing … encompass any promises which a reasonable person in the position of the promisee would be justified in understanding were included [in the contract]." *511 W. 232nd Owners Corp. v. Jennifer Realty Co*., 98 N.Y.2d 144, 153, 773 N.E.2d 496, 500-501, 746 N.Y.S.2d 131, 135-136, 2002 N.Y. LEXIS 1579, *10-11 (2002).

86.     When Plaintiffs and Class members accepted offers of employment form Defendants, the parties entered a contract, and the covenant of good faith and fair dealing implicit therein required Defendants to pay Plaintiffs and Class members in accordance with all applicable laws. This involved, *inter alia*, a duty by abide by the Internal Revenue Code and pay all required FICA taxes.

87.     Defendants breached this duty when they decided to pay Plaintiffs and Class members in cash and not file proper W-2.  As a result, Plaintiffs and Class members lost part of the benefit of the bargain for which they contracted, suffering a loss in the amount of the FICA taxes that Defendants should have paid on their behalf but did not.

## COUNT IV

## UNJUST ENRICHMENT

88.     Plaintiffs reallege and incorporate all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein and further alleges as follows:

89.     To state a claim for unjust enrichment, a plaintiff must allege that: "(1) the [defendant] was enriched, (2) at [plaintiff's] expense, and (3) that it is against equity and good conscience to permit the [defendant] to retain what is sought to be recovered." *Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516, 973 NE2d 743, 950 NYS2d 333 (2012) (internal quotations omitted).

90.     Defendants were unjustly enriched when they kept for themselves money that should have been paid to the Internal Revenue Service as Defendants' employer FICA contribution. Such came at the expense of Plaintiff and Class members because they will either (1) be liable to the IRS for the employer's share or (2) upon retirement suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

91.     Accordingly, all sums that Defendants should have paid to the IRS should be disgorged from Defendants and transferred to Plaintiffs and Class members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs, and Class members respectfully request that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

b.  A declaratory judgment that the practices complained of herein are unlawful under 26 U.S.C. § 7434 and that Defendants breached their contract with, and/or unjustly enriched themselves at the expense of, Plaintiffs and Class members;

c.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.  An award of unpaid wages due under the FLSA and NYLL;

e.  An award of unpaid wages, including overtime, due to a fixed salary due under the FLSA and NYLL;

f.   An award of unpaid spread of hours premium due under NYLL;

g.   An award of liquidated damages and interest for each late payment of wages pursuant to NYLL § 191(1)(a)(i);

h.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over forty (40) per workweek, pursuant to the FLSA and NYLL;

i.   Contractual damages for Defendants' failure to keep their promise to abide by the Internal Revenue Code and fund Plaintiffs' and Class members' retirement through FICA contributions;

j.   An award of statutory penalties, prejudgment, and post judgment interest, costs, and expenses of this action together with reasonable attorney's fees and expert fees and statutory penalties;

k.   Designation of Plaintiffs as Representatives of FLSA Collective Plaintiffs;

l.   Designation of this action as a class action pursuant to F.R.C.P. 23;

m.   Designation of Plaintiffs as Representatives of the Class; and

n.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: September 21, 2022

Respectfully submitted,
By: ___/s/ C.K. Lee_____
    C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs,*
*FLSA Collective Plaintiffs, and the Class*