UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAUDELIO ARAGON and JOAN ANAYA, *on behalf of themselves and others similarly situated*,

                              Plaintiffs,

-v.-

SG PIZZA, INC., et al.,

                              Defendants.

22 Civ. 8072 (JHR) (OTW)

ORDER ADOPTING REPORT AND RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

On September 21, 2022, Plaintiffs brought this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.*, against Defendants SG Pizza Inc., Salvatore Grimaldi, and Stephano Grimaldi.[1] Before the Court is the Report and Recommendation of Magistrate Judge Ona T. Wang, ECF No. 69, recommending that Plaintiffs' second motion for a default judgment be granted as to all Defendants. *Id.* at 5. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Wang's recommendation.

## BACKGROUND[2]

Plaintiffs filed their Complaint on September 21, 2022. ECF No. 1. Defendant SG Pizza Inc. was served with process on September 26, 2022. ECF No. 11. Its deadline to respond to the Complaint was therefore October 17, 2022. *Id.*; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."). Defendants Salvatore Grimaldi and Stephano Grimaldi were served with process on

---

[1] This case was originally assigned to the Honorable Ronnie Abrams and later reassigned to this Court.
[2] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 69.

1

September 30, 2022.  ECF Nos. 12, 13.  Their deadline to respond was therefore October 21, 2022.  *Id.*; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i).  On October 18, 2022, the case was referred to Judge Wang for general pretrial purposes and for any forthcoming class certification motion.  ECF No. 14.

After Defendants failed to appear and respond to the Complaint, Plaintiffs sought certificates of default for all Defendants on December 29, 2022.  ECF Nos. 20, 22.  On January 13, 2023, Plaintiffs moved for a default judgment against all Defendants.  ECF No. 23.  Plaintiffs' first motion for a default judgment was served on Defendants on June 9, 2023, ECF No. 28, and on June 13, 2023, the Court directed Defendants to show cause why the motion should not be granted, ECF No. 29.

On June 20, 2023, counsel for Defendants appeared.  ECF No. 31.  Shortly thereafter, on June 26, 2023, the parties stipulated to extend Defendants' time to respond to Plaintiffs' Complaint until July 24, 2023.  ECF No. 32.  The Court signed the parties' proposed order, noting that no further extensions would be granted, ECF No. 33, and denied Plaintiffs' first motion for a default judgment without prejudice, ECF No. 34.  On July 31, 2023, seven days past the deadline, Defendants filed their Answer.  ECF No. 36.

On August 10, 2023, the Court referred the case to mediation for settlement purposes under Local Civil Rule 83.9.  ECF No. 39.  After the parties opted to participate in private mediation instead, ECF Nos. 41, 42, Plaintiffs filed a letter on November 9, 2023 informing the Court that mediation had proved unsuccessful, ECF No. 44.  Plaintiffs also stated that, "[t]o date, Defendants ha[d] failed to produce their answers [to Plaintiffs' discovery requests], or any documents as requested."  *Id.*  On January 12, 2024, counsel for Defendants moved to withdraw.  ECF No. 49.  Judge Wang granted counsel's application on May 17, 2024 and ordered Defendants to inform the

Court "whether they [had] obtained new counsel or whether they wish[ed] to proceed pro se," by June 28, 2024.  ECF No. 50.  Defendants did not do so.

On September 13, 2024, Judge Wang scheduled a status conference for October 2, 2024 and "direct[ed] [Defendants] to appear in person with counsel present or risk default."  ECF No. 52.  After Defendants failed to appear, Judge Wang directed Defendants to show cause by October 9, 2024 "why monetary and/or equitable sanctions, including a recommendation of entry of default, should not be ordered for Defendants' failure to comply with ECF No. 52."  ECF No. 55.  Judge Wang also ordered that, "[i]f Defendants do not respond to the Order to Show Cause by October 9, Plaintiff[s] [are] further directed to move for default by **Monday, October 14, 2024**."  *Id*.  Defendants again did not respond.  On October 15, 2024, Plaintiffs obtained certificates of default as to all Defendants, ECF No. 61, and moved for a default judgment a second time, ECF No. 62.  On June 6, 2025, the Court referred the motion for a default judgment to Judge Wang for a report and recommendation.  ECF No. 66.

On July 10, 2025, Judge Wang issued a Report and Recommendation recommending that Plaintiffs' motion for a default judgment be granted in full.  ECF No. 69 at 5.  The Report and Recommendation notified the parties that they had "fourteen (14) days . . . to file objections."  *Id*.  The Report and Recommendation also cautioned that "**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW**."  *Id*.  No objections have been filed, nor has any extension of time to file objections been requested.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's

3

disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025). With respect to those portions of the report as to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Notwithstanding a direct warning that a failure to file objections would "result in a waiver of objections and w[ould] preclude appellate review," ECF No. 69 at 5, Defendants did not file any objections to the Report and Recommendation. Thus, Defendants waived the right to judicial review. *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (*citing Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))). The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error. The Report and Recommendation is "well-reasoned and grounded in fact and law." *See, e.g.*, *Fredricks*, 2025 WL 1018870, at *1.

For the foregoing reasons, the Court enters a default judgment against Defendants on all claims, in an amount to be determined at an inquest. By separate Order, the Court will refer this

4

case back to Judge Wang for an inquest into damages. By **September 29, 2025**, Plaintiffs shall serve this Order upon Defendants and file an affidavit reflecting such service.

The Clerk of Court is directed to terminate ECF No. 62.

SO ORDERED.

Dated: September 22, 2025
   New York, New York

_____
JENNIFER H. REARDEN
United States District Judge