**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BAUDELIO ARAGON, et al.,<br><br>Plaintiffs,<br><br>-against-<br><br>SG PIZZA, INC., SALVATORE GRIMALDI, AND STEPHANO GRIMALDI,<br><br>Defendants. | 22-CV-8072 (JHR) (OTW)<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING ON INQUEST** |

**ONA T. WANG**, **United States Magistrate Judge**:

## I. INTRODUCTION

Plaintiffs Baudelia Aragon and Joan Anaya bring this action against Defendants SG Pizza, Inc. (d/b/a/ Zesty Pizzeria), Salvatore Grimaldi, and Stephano Grimaldi pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., and associated rules and regulations for unpaid wages for, inter alia, failure to pay minimum wage and overtime compensation. The matter is before the undersigned for an inquest following the entry of a default against Defendants. (ECF 70).

Having carefully reviewed Plaintiffs' submissions, the Court concludes that Plaintiffs have failed to meet their burden of establishing their entitlement to the requested damages. The evidentiary record contains material inconsistencies and unexplained ambiguities that prevent the Court from calculating, or even verifying Plaintiffs' calculations minimum wage, overtime, or liquidated damages with reasonable certainty. Accordingly, supplemental briefing is directed by **September 18, 2026**.

## II. BACKGROUND

### A. Relevant Procedural History

After Judge Rearden entered default judgment against Defendants, (ECF 70), I ordered Plaintiff to file (1) proposed findings of fact and conclusions of law and (2) an inquest memorandum setting forth proof of damages, supported by documentary evidence and/or one or more affidavits establishing any proposed figures. (ECF 73). Plaintiff filed their proposed findings of fact and conclusions of law, (ECF 77), as well as: (1) affidavit of Plaintiffs, (ECF 78-1; 87-2); and (2) a damages chart, (ECF 78-3). Defendants did not respond to Plaintiff's motion for default judgment, nor Plaintiffs' inquest briefing. (*See* Docket).

### B. Gaps in the Factual History as to the Hours worked

#### a. Plaintiff Aragon

From approximately June 2015 to May 2022, Plaintiff Aragon was hired by Defendants to work as a cook, food preparer, and dishwasher for Defendants' restaurant Zesty Pizzeria located at 1670 3rd Avenue, New York, NY 10128. (ECF 1 ¶ 32) (hereinafter "Compl."). In his position as a dishwasher, cook, and food preparer, Plaintiff Aragon's duties included, cleaning the kitchen; sweeping; mopping; taking out the garbage; hand washing and drying dishes; cutting and slicing good ingredients; gathering ingredients; and cooking. (Compl. ¶ 33). He remained employed in that position until his termination in or about May 2022. (Compl. ¶ 32).

With respect to his work schedule, Plaintiff alleges that from the commencement of his employment until approximately March 2020, he regularly worked five days per week, totaling approximately seventy hours each week. (Compl. ¶ 34). Thereafter, and until the end of his

employment, Plaintiff allegedly worked four days per week for approximately forty-five hours per week. *Id.*

The Complaint further alleges that from the beginning of his employment until approximately March 2020, Plaintiff was paid a fixed weekly salary of $800, which was paid by check and cash, regardless of the number of hours he worked. (Compl. ¶ 35). Then, from March 2020 and continuing through the end of his employment, Plaintiff alleges that he was instead paid a fixed salary of $800 "biweekly for forty-five hours worked," also by check and cash. *Id.* Finally, Plaintiff alleges that Defendants failed to pay him for the last two weeks of his employment. (Compl. ¶ 36).

Plaintiffs' submissions fail to explain whether Aragon' "biweekly" pay means that he received $800 every two weeks for forty-five hours worked each week, or instead received $400 per week under a biweekly payroll schedule, or something else. They do not allege that he worked forty-five hours every week. This distinction materially affects the calculation of his regular rate of pay. Plaintiffs leave this critical factual issue entirely unresolved, and without clarification regarding Aragon's actual compensation structure, any damages calculation would be speculative.

**b. Plaintiff Anaya**

Plaintiff Anaya began working for Defendants in or about June 2015 as a cook, food preparer, and dishwasher at Zesty Pizzeria, located at 1670 Third Avenue, New York, New York. Compl. ¶ 37. Anaya remained employed in that position until his termination in or about June 2022. *Id.* Anaya's responsibilities included cleaning the kitchen, sweeping and mopping floors,

taking out the garbage, hand-washing and drying dishes, cutting and slicing food ingredients, gathering ingredients, and cooking. (Compl. ¶ 38).

With respect to his work schedule, Anaya alleges that from the commencement of their employment until approximately March 2020, he regularly worked “four to five” days per week, totaling approximately “forty-eight to sixty hours” each week. (Compl. ¶ 39). Plaintiffs provide no basis from which the Court can determine when Anaya worked forty-eight hours as opposed to sixty hours. The submissions simply state a range without identifying the applicable schedule, preventing the Court from calculating overtime on a workweek-by-workweek basis as required by the FLSA and NYLL. Plaintiffs likewise fail to explain what they mean by alleging that Anaya worked “on an every-other-week basis.” *Id.* The submissions do not indicate whether Anaya worked seventy-two hours during alternating weeks, averaged thirty-six hours per week, or followed some other schedule entirely. This ambiguity is fundamental because overtime liability is determined on a work week basis. Plaintiffs’ failure to clarify their own allegations precludes the Court from performing the required damages calculations.

The Complaint further alleges that from the beginning of his employment until approximately March 2020, Anaya was paid a fixed weekly salary of $450, which was paid by check and cash, regardless of the number of hours he worked. (Compl. ¶ 40). Beginning in or about March 2020 and continuing through the end of his employment, Plaintiff alleges that he was paid a fixed salary of “$600 biweekly,” also by check and cash. *Id.*

Plaintiff further alleges that Defendants failed to pay Plaintiffs overtime compensation at one and one-half times their regular rate of pay for hours worked in excess of forty in a workweek. (Compl. ¶ 42). Again, because Plaintiffs’ submissions do not provide sufficient

information for hours worked, it is impossible for the Court to perform the necessary calculations.

### C. Improper and Incorrect Damages calculations

The Court must determine whether Plaintiff has provided sufficient evidence to support their claimed damages. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corps., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997); *Nguyen v. Pho Vietnam 87 Corp.*, No. 23-CV-4298 (JLR) (VF), 2025 WL 564546, at *12 (S.D.N.Y. Jan. 31, 2025), *report and recommendation adopted,* No. 23-CV-04298 (JLR), 2025 WL 562763 (S.D.N.Y. Feb. 19, 2025). Damages are proven through an evidentiary hearing, or through affidavits and other documentary submissions that provide a factual basis for determining the amount of damages to be awarded. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992).

Plaintiffs have not submitted competent evidence from which the Court can calculate damages with reasonable certainty. Rather than resolving the factual issues necessary to support their requested award, Plaintiffs' submissions introduce additional inconsistencies concerning both hours worked and compensation received as detailed below. On the present record, any damages award would necessarily rest on speculation. An in-person hearing may be necessary following supplemental briefing, *see Nguyen*, 2025 WL 564546 at *12 (citing *Fustok v. ContiCommodity Servs. Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)), in order for the Court to assess damages.

#### ***a. Incorrect Unpaid Minimum Wage and Overtime Wages calculations***

Plaintiff Aragon alleges that he worked approximately seventy hours per week while receiving a fixed weekly salary of $800 from June 2015 through March 2020 and approximately

forty-five hours per week while receiving a "biweekly" salary of $800 from March 2020 until May 2022. (ECF No. 77 at 3.) He further alleges that he received no compensation for the final two weeks of his employment. *Id.* Plaintiff Anaya alleges that he worked as many as sixty hours per week while receiving a weekly salary of $450 from June 2015 through March 2020 and approximately seventy-two hours per week while receiving a "biweekly" salary of $600 from March 2020 until the end of his employment in June 2022. *Id.*

The Court begins its calculation by determining Plaintiff's "regular rate of pay." "Under the NYLL, the Court divides the pay the plaintiff in question actually received by (1) the <u>lesser</u> of 40 hours or (2) the actual number of hours he worked during the work week." *Hernandez v. Jrpac Inc.*, 14-CV-4176 (PAE), 2016 WL 3248493, at *31 (S.D.N.Y. June 9, 2016) (citing 12 N.Y.C.R.R. §§ 146-3.5). There is a "rebuttable presumption" that a "weekly salary covers only the first 40 hours" Plaintiff worked each week. *Soto v. Crismeli Deli Grocery Inc.*, 19-CV-10053 (VSB) (BCM), 2024 WL 3730115, at *6 (S.D.N.Y. June 28, 2024).

During the relevant period, the applicable New York minimum wage ranged from $8.75 to $15.00 per hour. *See* NYLL § 652. Here, there is no evidence to rebut the presumption that Aragon's $800 weekly salary covered the first 40 hours he worked each week. Therefore, his "regular rate" of pay, "derived by dividing the total amount of wages received in a work week by forty," *Baltierra*, 2015 WL 5474093, at *5, was $20.00 per hour for the years 2018 through March of 2020[1], not $11.43 as noted by Plaintiff in their submission. It can be speculated that his regular rate of pay from March 2020 to May 2022 could have been $10.00 an hour.[2]

---

[1] During this time period, Aragon received a weekly $800 salary for 70 hours a week worked. This means that his hourly pay can be calculated as $800 divided by 40 hours to amount to $20.00 an hour.

As to Plaintiff Anaya, his regular rate for the period of June 2015 to March 2020 can be calculated as $11.25[3], and his regular rate from March 2022 to June 2022 could be as low as $7.50.[4] Plaintiffs' damages calculations are materially flawed. Rather than applying the methodology required under the NYLL, Plaintiffs calculate the regular rate using an incorrect divisor. Moreover, Plaintiffs make no attempt to reconcile the material inconsistencies in Anaya's alleged work schedule. These errors render the proposed damages calculations unreliable.

### D. Attorney's Costs and Fees

"Under both the FLSA and the NYLL, a prevailing plaintiff may recover [his or] her reasonable attorney's fees and costs." *Almanzar v. 1342 St. Nicholas Avenue Rest. Corps.*, 2016 WL 8650464, at *12 (S.D.N.Y. Nov. 7, 2016) (citing *Najnin v. Dollar Mountain, Inc.*, 2015 WL 6125436, at *4 (S.D.N.Y. Sept. 25, 2015)); *see also* 29 U.S.C. § 216(b); NYLL §§ 198(1-a), 663(1). The Court has "considerable discretion" in determining a reasonable fee. *See Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 64 (2d Cir. 2014).

Plaintiffs' counsel, C.K. Lee, states that they do not seek attorney's fees or costs. (ECF 78 at 10). In their supplemental briefing, Plaintiffs' counsel is required to indicate whether they are

---

[2] During this time period, Aragon received a biweekly $800 salary for 45 hours a week worked. This means that his hourly pay can be calculated as $400 divided by 40 hours to amount to $10.00 an hour.

[3] During this time period, Anaya received a weekly salary of $450 for 60 hours a week worked, at most. This means that his hourly pay can possibly calculated as $450 divided by 40 hours to amount to $11.25 an hour.

[4] During this time period, Anaya claims to have received a "biweekly" salary of $600 for 72 hours a week worked. It is unclear whether his means that his hourly pay can be calculated as $300 divided by 40 hours to amount to $7.50 an hour.

working under a contingency fee agreement, and if so, must submit hours and billing rates in order for the Court to do the proper lodestar analysis.

## III. CONCLUSION

Plaintiffs are afforded one final opportunity to cure these deficiencies. Any supplemental submission must be filed by **Friday, September 18, 2026** and clearly identify each Plaintiff's work schedule, compensation structure, and regular rate of pay, and must recalculate all requested damages using the governing legal standards[5]. Failure to provide a coherent evidentiary basis for the requested damages may result in a recommendation that minimum wage, overtime, and related liquidated damages be denied.

**SO ORDERED.**

*/s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

Dated: August 10, 2026
New York, New York

[5] Counsel must further articulate whether they would take any fees under a contingency agreement and whether they incurred any costs, in the event they recover any funds.